975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John W. BURKS, Appellant,
v.
VETERANS' ADMINISTRATION MEDICAL CENTER, Appellee.
 No. 92-1942NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 17, 1992.
Filed: September 8, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John W. Burks appeals from the district court's[1] dismissal of his complaint for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Burks, a veteran, filed a claim in Nebraska small claims court against the Veterans' Administration Medical Center. He alleged the Veterans' Administration Hospital failed to provide him with "quality care" and sought reimbursement of medical expenses he incurred at Methodist Hospital in Omaha. Defendant removed the action to federal court under 28 U.S.C. § 1346, and moved to dismiss for lack of subject matter jurisdiction, arguing Burks' claim was for medical malpractice and he had not sought administrative review of his claim as required by 28 U.S.C. § 2675(a). In opposition, Burks submitted an affidavit stating that he had received a letter from the Department of Veterans' Affairs (Department) rejecting his claim for payment of medical expenses, and a copy of a letter from the Department to Methodist Hospital denying its claim for reimbursement for treatment given to Burks. Because the administrative exhaustion requirement in section 2675(a) is jurisdictional, the district court dismissed.
 
 
 3
 With leave of court, Burks then filed additional documents showing that he, not Methodist Hospital, submitted the claim to the Department, and that he had contacted a Department representative about filing a claim. After reviewing all of the evidence, the district court reaffirmed its earlier dismissal. The court held that, if the claim was for unpaid medical expenses, jurisdiction rested exclusively in the Board of Veterans' Appeals. The district court further held that, if the claim was for medical malpractice, it did not have jurisdiction because Burks had not administratively exhausted his claim under section 2675(a). After carefully reviewing the record, we agree with the district court's determinations.
 
 
 4
 Judgment affirmed. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska